# EXHIBIT 24

American Arbitration Association | International Centre for Dispute Resolution®

**AMERICAN ARBITRATION ASSOCIATION**

In the Matter of the Arbitration between:

**Immortal Snail, LLC**
("Claimant")

**-vs-**

**X Corp.**
("Respondent")

Case Number: **01-26-0001-6924**
DATE: **August 25, 2026**

**ARBITRATOR'S PROCEDURAL ORDER #1**

According to the Commercial Arbitration Rules of the American Arbitration Association (AAA) effective September 1, 2022, a Preliminary Hearing was held telephonically on August 25, 2026, at 10:00 AM (EST) before Arbitrator Mohamed F. Sweify.

The following attendees participated/attended in the Preliminary Hearing:

For Claimant: **Mr. Kevin Kaplan, Esq. & Mr. Christopher E. Cheek, Esq.**

For Respondent: **None.**

Other participant: **Ms. Amy Gomes, Senior Case Administrator of AAA.**

At the commencement of the Preliminary Hearing, the Arbitrator noted that Respondent's counsel did not participate in the Hearing. At the direction of the Arbitrator, the AAA Case Administrator called Respondent's counsel via phone and advised that her secretary responded and informed her that she was not in the office but will convey to Respondent's counsel that the hearing is ongoing. The Arbitrator waited for a few minutes so that Respondent's counsel could join the Hearing. Given that Respondent's counsel had a proper notice of the scheduled Preliminary Hearing and Respondent's counsel informed the AAA in advance that they are not planning to participate in the Hearing because they object to the arbitrability of this matter, the Arbitrator decided to proceed with the hearing in Respondent's counsel's absence, with the presence of Claimant's counsel and the AAA Case Administrator.

At the commencement of the Preliminary Hearing, the Arbitrator reiterated his disclosure statements and requested the parties to report any objections to the Arbitrator's appointment and to raise any issues that may affect a fair and just resolution of this matter, including the Arbitrator's impartiality. The parties confirmed that they have no objection to the Arbitrator's appointment and are not aware of any such circumstances or issues to warrant such objection.

**Mediation Status**

- The parties have not mediated prior to this arbitration, but Claimant is open to negotiating and resolving this matter, if needed.

- The Arbitrator reminded the parties that at any point during the arbitration process, the parties can choose to mediate their dispute as an alternative to continuing with arbitration, or both arbitration and mediation can proceed concurrently. If both parties agree to pursue mediation, they can contact their AAA case administrator/manager to initiate mediation proceedings.

- Parties may also visit the AAA's website at https://www.adr.org/mediation/ for additional information regarding the mediation process or to search for available mediators in their area. Mediation offers the parties an opportunity to work collaboratively toward a mutually acceptable resolution, potentially saving time and resources.

**By agreement of the Parties and Order of the Arbitrator(s), the following is now in effect**:

**1. Applicable Law**

- The Federal Arbitration Act will apply in the Arbitration and
- Texas law will be applied substantively to the arbitration.

**2. Parties**

- All the necessary or appropriate parties are included in the arbitration.
- Claimant's counsel advised that they are not seeking to amend their claims.

**3. Preliminary Matters**

- At the outset of the Preliminary Hearing, Claimant's counsel has sought the Arbitrator's permission to file a motion seeking an injunctive relief or specific performance before addressing any claims for damages.

- The Arbitrator noted that before allowing this substantive motion, Claimant should address the jurisdictional issues raised by Respondent in this proceeding, highlighting that the AAA's determination to register this arbitration was based solely on satisfying the filing requirements. Still, the Arbitrator needs to make a determination on whether he has jurisdiction to hear this dispute, in light of Respondent's objections in the record. Claimant's counsel highlighted the urgency of the relief sought which is prejudicial to Claimant's position.

- In light of the foregoing, the Arbitrator granted Claimant's leave to file a written motion that addresses: (i) whether the Arbitrator has jurisdiction to hear this dispute, and (ii) if the Arbitrator has jurisdiction, whether Claimant is entitled to an injunctive relief based on the claims asserted in the statement of claims. The following briefing schedule is established for the parties:

    - Claimant should file its written motion on or before **September 4, 2026**, not to exceed 20 pages in length, exclusive of exhibits.

- Respondent should file its opposition to Claimant's motion on or before **September 18, 2026**, not to exceed 20 pages in length, exclusive of exhibits.

- Claimant should file its sur-reply to Claimant's opposition, if any, on or before **September 25, 2026**, not to exceed 10 pages in length, without any exhibits.

- The Arbitrator will promptly rule on the parties' submission within 14 calendar days of the full briefing of Claimant's motion.

**4. Hearing**

- A tentative Final Hearing in this matter will commence before the Arbitrator on November 9, 2026 at 10:00 AM.
- If this arbitration proceeds forward, the Final Hearing will be conducted virtually via Zoom**.** Claimant will provide for the credentials.

**5. Additional Pre-hearing/Status Conference**:

- An additional pre-hearing or status conference call is scheduled for **November 2, 2026** at 10:00 AM before the Arbitrator.
- The parties shall confer regarding a proposed agenda and shall submit a proposed agenda for the call no later than **October 30, 2026**. This call may be cancelled upon the mutual agreement of the parties.
- The Arbitrator decided that Claimant's motion, especially the prong of the motion related to the Arbitrator's jurisdiction, should be fully briefed and decided first before proceeding further with this arbitration and deciding the remaining procedural issues. These issues shall be decided at a later stage if the Arbitrator finds that he has jurisdiction to hear this dispute.

**6. Email Communication with the Arbitrator**

- Email Communication with the Arbitrator will be conducted through Direct Exchange.

  - Email correspondence shall be submitted to the Arbitrator, with copies to the other case participants and the AAA. The Arbitrator may communicate with all the parties and will also send a copy of the communication to the AAA. There shall be no direct oral or written communication between the parties and the Arbitrator except as contemplated by this order.

  - The parties are prohibited from engaging in any *ex-parte* communication with the Arbitrators and the AAA Rules will strictly apply in this regard.

  - The Arbitrator's email address is: msweify@whitefordlaw.com

**7. Disclosures of the Arbitrator**

- Each party and counsel have a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing the Arbitrator the information necessary to allow him to comply with his ongoing duty of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial

Disputes and the American Arbitration Association.

- Counsel, for themselves and each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration.

- Any issues regarding the Arbitrator's disqualification shall be raised promptly with the AAA.

**8. Deadline Enforcement**

- All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expedient and fair resolution of this matter.
- This order shall continue in effect unless and until amended by subsequent order of the Arbitrator.
- This order shall be sent to Respondent's counsel via email and certified mail.

_____August 25, 2026_____________ Mohamed Sweify
Date

Mohamed F. Sweify, FCIArb
Arbitrator